UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WENDALL COLEMAN,

    Plaintiff,

v.

NAPA COUNTY DEPARTMENT OF CORRECTIONS,

    Defendant.

Case No. 18-cv-04106-SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. No. 5

Wendell Coleman, an inmate at the Napa County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges the following: Correctional officer Merrill came to Coleman's cell at 6:50 a.m. on July 16, 2018 and asked if Coleman wanted to come out of his cell. Coleman responded that he needed to make a call during business hours. When Merrill asked again if Coleman wanted to come out of his cell, and Coleman asked if he could be allowed to get back out later to make a phone call, Merrill said that was a refusal to exit the cell. Merrill later said he would allow the call, but did not do so. When Coleman complained to a sergeant, the sergeant told Coleman he had to make a written request on a green slip to make a phone call during business hours. The complaint also allege that other inmates are overmedicated and are otherwise being mistreated at the jail.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Coleman's allegations that other inmates are overmedicated and otherwise mistreated does not state a claim upon which relief may be granted for him. As a *pro se* litigant, he does not have standing to complain about violations of anyone's rights but his own. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). The claims regarding the treatment of other inmates are dismissed without leave to amend.

The allegations regarding Coleman's desire to make a telephone call during business hours do not state a claim upon which relief may be granted. The allegation that C/O Merrill considered it to be a refusal to exit the cell when Coleman focused on his need to make a telephone call during business hours instead of exiting the cell does not appear to have violated any constitutional right Coleman possessed. Likewise, the allegation that C/O Merrill later told Coleman that he would be allowed to make a telephone call yet failed to let Coleman out of the cell that day to do so does not appear to have amounted to a constitutional violation. Because Coleman did not specify "whether the alleged denial of telephone access was total, partial, or even occasional, and did not allege that he was denied access for a specific emergency or to call his lawyer on an occasion when he had a specific need, . . . his allegations were insufficient." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). *Id.* That this event may have been a de minimis delay in his access to a telephone is a very

1  real possibility because his civil rights complaint was post-marked the same day the event occurred.
2  As it cannot be said with certainty that Coleman cannot allege fact showing a deprivation of his
3  right to telephone access, leave to amend is granted on this claim.  In his amended complaint,
4  Coleman must allege facts plausibly showing that C/O Merrill violated a constitutional right to
5  telephone access.

6  Finally, the allegation that a sergeant told Coleman that he had to fill out a form to request
7  permission to make a telephone call does not state a claim upon which relief may be granted.
8  Requiring inmates to fill out basic forms to obtain services does not amount to a constitutional
9  violation.  *See generally Resnick v. Adams*, 348 F.3d 763, 771 (9th Cir. 2003) (prison program's
10 requirement that inmates submit an application in order to receive a religious diet does not
11 unconstitutionally infringe on an inmate's right to practice his religion).

## CONCLUSION

The complaint is dismissed with leave to amend.  Coleman must file an amended complaint no later than **January 18, 2019**, and must include the caption and civil case number used in this order as well as the words AMENDED COMPLAINT on the first page.  Coleman is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Failure to file an amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated:  December 14, 2018

_____
SUSAN ILLSTON
United States District Judge

3